***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted June 2; jurisdictional judgment reversed and remanded for entry of a judgment reflecting adjudication for a single count of unlawful dissemination of an intimate image, otherwise affirmed June 29, 2022

In the Matter of N. R.-V.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

N. R.-V.,
*Appellant.*

Washington County Circuit Court
19JU09522;
A175274 (Control), A175275

Brandon M. Thompson, Judge.

Ginger Fitch and Youth, Rights & Justice filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Eric Seepe, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

PER CURIAM

Jurisdictional judgment reversed and remanded for entry of a judgment reflecting adjudication for a single count of unlawful dissemination of an intimate image; otherwise affirmed.

**PER CURIAM**

In this juvenile proceeding, youth appeals from the jurisdictional judgment determining that he is within the jurisdiction of the juvenile court based on conduct that, if committed by an adult, would constitute two counts of unlawful dissemination of an intimate image, ORS 163.472, and from the dispositional judgment. Youth was alleged to have disclosed through an Internet website the intimate images of another youth to two different people on the same day. Youth requests that we take *de novo* review and asserts three assignments of error.

We decline to take *de novo* review in this case. *See* ORS 19.415(3)(b). Here, the juvenile court made express factual and credibility findings that are supported by the record and made a disposition consistent with those findings. Youth does not argue that the court could not make the findings that it did based on the record and instead argues for different findings. Under the circumstances, this is not an exceptional case for which we will exercise our discretion to take *de novo* review. ORAP 5.40(8)(c), (d). As a result, "we review the juvenile court's legal conclusions for errors of law, but are bound by the court's finding of historical fact so long as there is any evidence to support them." *State v. G. L. D., Jr.*, 253 Or App 416, 418, 290 P3d 852 (2012), *rev den*, 354 Or 597 (2013) (internal quotation marks omitted).

In his first two assignments, youth argues that the evidence was insufficient for the court to adjudicate youth delinquent for two counts of unlawful dissemination of an intimate image. Because we decline to take *de novo* review, we review that challenge "to determine whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found the essential elements of the alleged act beyond a reasonable doubt." *State v. R. W. G.*, 288 Or App 238, 239-40, 404 P3d 1131 (2017) (internal quotation marks and brackets omitted). Under that standard of review, we conclude that the juvenile court did not err.

In his third assignment of error, youth asserts that the juvenile court erred in failing to merge the two counts of unlawful dissemination of an intimate image.

Youth concedes that he did not preserve his claim of error, but requests that we correct it as plain error. ORAP 5.45(1) (setting out requirements for plain error review). The state concedes that the juvenile court plainly erred in failing to merge the two counts. Merger under ORS 161.067 applies to juvenile adjudications. *State v. K. R. S.*, 298 Or App 318, 331, 449 P3d 511 (2019). Here, there was no evidence to support the existence of a sufficient pause in between youth sending the intimate images to the two different people such that the counts would not merge under ORS 161.067(3). We agree with and accept the state's concession that the juvenile court plainly erred in not merging the two counts. We further conclude that we should exercise our discretion to correct the error due to the gravity of the error for youth and because the burden on the judicial system to correct the error is minimal.

Jurisdictional judgment reversed and remanded for entry of a judgment reflecting adjudication for a single count of unlawful dissemination of an intimate image; otherwise affirmed.